IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRANDON MICHAELS ASKEW**                                    **PLAINTIFF**
**#4314**

V.                  NO. 4:21-cv-1159-KGB-ERE

**PULASKI COUNTY REGIONAL**
**DETENTIONAL JAIL,** *et al.*                                   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections**

This Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.**      **Background**

Plaintiff Brandon Michaels Askew, a pretrial detainee at the Pulaski County Regional Detention Facility (Detention Facility), filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his original complaint, he asserted unrelated claims for:

(1) unconstitutional conditions of confinement; (2) denial of recreation time; (3) denial of access to a law library; (4) denial of medical care; (5) exposure to an unknown substance; (6) use of excessive force by multiple Detention Facility deputies; (7) interference with personal mail; and (8) exposure to COVID-19. In addition, he stated that he wanted to "sue Ashley Deddrick for a blood test" to determine paternity. *Doc. 2 at 7*. In his original complaint, Mr. Askew sued the Detention Facility, the Little Rock Police Department, and individuals named in connection with his numerous claims, including Deputy Brace, Deputy Allen, Deputy Carter, Deputy Beasse, Deputy Anderson, Deputy Cole, Sergeant Scott, Sergeant Mathis, and Ashley Deddrick.

The complex and confusing nature of Mr. Askew's unconnected claims prevented completion of the screening process mandated by 28 U.S.C. § 1915A,[1] and the Court gave him an opportunity to file an amended complaint identifying a single claim or multiple *related* claims he would pursue in this lawsuit.[2] Mr. Askew has now filed two amended complaints. *Docs. 8, 9*.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[2] The Court's order (*Doc. 7*) explained that Mr. Askew may *not* pursue unrelated claims in one lawsuit and that multiple defendants may be joined in a single lawsuit *only* if the claims against

In his amended pleadings, Mr. Askew states his intention to dismiss without prejudice all claims unrelated to Ms. Deddrick. *Doc. 8 at 1; Doc. 9 at 3*. Although Mr. Askew proposes to pursue only claims against Ms. Deddrick, he fails to allege facts sufficient to state a plausible claim for federal relief.

Mr. Askew alleges that he was taken into state custody on robbery charges, after Ms. Deddrick physically attacked him and staged a robbery to cover up the attack. He further alleges that Ms. Deddrick misrepresented in court that he is the father of her son, which prompted a paternity hearing. Because Mr. Askew was detained, he could not attend the paternity hearing, and a default judgment was entered against him. Mr. Askew now requests that this Court: (1) order a blood test; and (2) depending on the test results, order reimbursement of any funds confiscated from him.

Section 1983 imposes liability for conduct taken "under color of" state law that deprives a person "of a right secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 931 (1982) (internal quotation omitted). To act "under color" of state law, a private person must have jointly

---

them: (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) involve "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2); see also Fed. R. Civ. P. 21 (providing that a court may *sua sponte* "add or drop" an improperly joined party or "sever" any claim); *Stephens v. Does,* 777 F. App'x 176, 177 (8th Cir. 2019) (affirming dismissal without prejudice of several unrelated claims); *Bailey v. Doe,* 434 F. App'x 573, 573 n.1 (8th Cir. 2011) (affirming severance of a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees).

3

engaged with state officials in the challenged action. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970). Under the facts alleged, Ms. Deddrick acted as a private person. Her participation as a party or witness in state court, without more, did not amount to conduct taken "under color of" state law. As a result, Mr. Askew fails to state a plausible claim under § 1983.

Furthermore, Mr. Askew may not litigate issues related to child custody in federal court. See *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (concluding that the domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees.").

Finally, to the extent that Mr. Askew seeks to bring criminal charges against Ms. Deddrick, he lacks standing to do so. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks a judicially cognizable interest in the prosecution of another); *Anguiano v. Dallas County Jail Under Sheriff*, 590 Fed. Appx. 652 (8th Cir. 2015) (unpub.) (per curiam) (plaintiff lacked standing to seek criminal charges against jail guards).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Askew's complaints be DISMISSED, without prejudice.

2. The Court certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would

be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

DATED this 7th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE