IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRANDON MICHAELS ASKEW
ADC #128557                                                                                              PLAINTIFF

v.                              Case No. 4:21-cv-01159-KGB

PULASKI COUNTY REGIONAL
DETENTION JAIL, *et al.*                                                                         DEFENDANTS

# ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin and several post-Recommendation motions submitted by plaintiff Brandon Michaels Askew (Dkt. Nos. 10; 13; 14; 15; 19; 21).

## I.  Procedural Posture

Judge Ervin submitted her Recommendation on January 7, 2022, recommending the dismissal of Mr. Askew's complaint without prejudice for failing to state a claim (Dkt. No. 10, at 4). Mr. Askew filed timely objections arguing that this Court must allow his 42 U.S.C. § 1983 case to move forward against Ashley Deddrick—the person against whom Mr. Askew seeks relief related to a state court paternity hearing (Dkt. No. 11). Mr. Askew submitted a notice of address change on May 12, 2023 (Dkt. No. 12). The notice of address change alerts the Court of Mr. Askew's new address and requests a status update (*Id.*). On June 23, 2023, Mr. Askew filed a motion for copies and motion for order (Dkt. No. 13). On June 26, 2023, Mr. Askew filed four motions: (1) a motion for preliminary hearing; (2) a motion requesting copies and to amend his complaint; (3) a motion requesting an emergency injunction; and (4) a motion informing the Court of his conditions and requesting a status update (Dkt. Nos. 14; 15; 19; 21).

After careful consideration and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 10). The Court addresses Mr. Askew's objections and post-Recommendation motions below.

**II.     Mr. Askew's Objections**

In his amended pleadings, Mr. Askew states his intention to dismiss without prejudice all claims unrelated to Ms. Deddrick (Dkt. Nos. 8 at 1; 9 at 3). As Mr. Askew's claims against Ms. Deddrick relate to state child custody issues, Judge Ervin recommends dismissing this action (Dkt. No. 10, at 3–4). The Court construes Mr. Askew's objections to argue that: (1) this Court has jurisdiction to set aside a default judgment entered in a state court paternity hearing pursuant to Federal Rule of Civil Procedure 60; (2) the state court paternity hearing was invalid because Mr. Askew was not properly appointed counsel; and (3) the resulting default judgment from the state court paternity hearing violated Mr. Askew's Due Process rights (Dkt. No.11, at 2–4). The Court disagrees.

As a general matter, the Court agrees with Judge Ervin's conclusion that "Mr. Askew may not litigate issues related to child custody in federal court" and that he has failed to allege sufficient facts that Ms. Deddrick's conduct amounted to conduct taken "under color of" state law (Dkt. No. 10, at 3–4). *See also Kahn v. Kahn*, 21 F.3d 859, 860 n.1 (8th Cir. 1994) (explaining that federal courts are divested of "jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody," and noting that "[c]ourts generally use abstention in the context of a dispute relating to domestic relations when the controversy does not fall within the exact purview of divorce, alimony or child custody, but instead is closely related."). Mr. Askew's objections also confuse the purpose and scope of the Federal Rules of Civil Procedure, incorrectly assert a right

2

to counsel in civil cases, and request federal court intervention barred under the *Rooker–Feldman* doctrine.

### A. Federal Rule Of Civil Procedure 60

Mr. Askew states that "[t]his honorable Court has the jurisdiction to set aside default Judgment" for the reasons listed in Rule 60 (Dkt. No. 11, at 2).  The Court disagrees and believes that Mr. Askew confuses the purpose of Federal Rule of Civil Procedure 60.  The Federal Rules of Civil Procedure are procedural rules that apply only in federal district courts.  Fed. R. Civ. P. 1 (explaining "[t]hese rules govern the procedure in all civil actions and proceedings in the United States district courts."); *see generally Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010).  Rule 60 allows this Court to relieve a party from a judgment or order it previously issued based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  Rule 60 does not vest this Court with the authority to void a state court judgment.  *See generally Heartland Acad. Cmty. Church v. Waddle*, 335 F.3d 684, 689 (8th Cir. 2003) (citing *Johnson v. De Grandy,* 512 U.S. 997, 1005–06 (1994)).

For these reasons, the Court overrules Mr. Askew's objection based on Rule 60.

### B. Lack Of Counsel In State Court Proceedings

Mr. Askew states that he was "never appointed court appointed counsel to properly represent" him in the state paternity proceedings (Dkt. No. 11, at 2).  State paternity proceedings are civil, not criminal, proceedings.  Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.  *Johnson v. Kaemingk*, Case No. 4:17-CV-04043-LLP, 2020 WL 376589, at *1 (D.S.D. Jan. 23, 2020); *see also Walker v. Shafer*, Case No. CIV. 16-5121-JLV,

3

2020 WL 2220183, at *1 (D.S.D. May 7, 2020) (citing *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013)).  For this reason, the Court overrules Mr. Askew's objection related to representation and appointed counsel.

      **C.**      **Due Process Rights**

Mr. Askew also argues that this Court has jurisdiction to hear this case because the state paternity proceedings violated his due process rights (Dkt. No. 11, at 2).  This Court is not in a position to review Mr. Askew's claims that the state court proceedings violated his due process rights because the *Rooker–Feldman* doctrine forbids it.  Under the *Rooker–Feldman* doctrine "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Heartland*, 335 F.3d at 689.  "In other words, original federal jurisdiction over state-court judgments is reserved to the Supreme Court." *Id*. (citing *Verizon Md. Inc. v. Pub. Serv. Comm'n,* 535 U.S. 635, 644 n.3 (2002)).  There is "no jurisdiction in the lower federal courts if the constitutional claims raised in a federal case are 'inextricably intertwined' with a state-court decision." *Heartland*, 335 F.3d at 689 (citing *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16 (1983)).

Mr. Askew's claims are "inextricably intertwined" with the state court paternity proceedings, and the Court declines to reject Judge Ervin's Recommendation on the basis of Mr. Askew's assertion that the state paternity proceedings violated Mr. Askew's due process rights. *Heartland*, 335 F.3d at 689.

4

### III. Mr. Askew's Post-Recommendation Motions

Since Judge Ervin issued her Recommendation, Mr. Askew has requested several status updates and copies of multiple docket entries (Dkt. Nos. 12; 13, at 2; 21). He also filed a motion for preliminary hearing, another requesting both copies and leave to amend his complaint, and another requesting an emergency injunction (Dkt. Nos. 14; 15; 19). Before addressing these motions, the Court notes that Mr. Askew's June 23, 2023, motion, docketed as a motion for copies and motion for order, alleges that he has had his "anatomy . . . breached" with some sort of technology that he contends can kill him at any moment (Dkt. No. 13, at 2). Mr. Askew claims that this device has caused him to bleed from his ears and that it controls his thoughts and heartbeat (*Id.*). Mr. Askew expounds upon these allegations in three of his subsequent motions, which were filed in this case (Dkt. Nos. 14; 15; 19), and Mr. Askew appears to have filed these same motions in another case before United States District Judge Brian S. Miller—*Askew v. Does*, 2:23-cv-00099-BSM (E.D. Ark. filed Apr. 14, 2023). Having reviewed the docket in *Askew v. Does*, the Court believes the allegations relating to an alleged "breach[]" of Mr. Askew's "anatomy" relate to *Askew v. Does* pending before Judge Miller, not the action against Ms. Deddrick pending before this Court. As Mr. Askew's allegations related to the implantation of a device in his brain are unrelated to Mr. Askew's case against Ms. Deddrick, the Court does not address them here.

The Court rules as follows on Mr. Askew's remaining post-Recommendation motions:

1. The Court grants Mr. Askew's requests for status by providing the requested status update through this Order (Dkt. Nos. 12; 13; 21). The Court also grants his motions for copies (Dkt. Nos. 13; 15) and directs the Clerk to send Mr. Askew a copy of this Order and the accompanying Judgment, as well as copies of his original complaint, his amended complaints, the

5

Recommendation, and his June 23, 2023, filing docketed as a motion for copies and order (Dkt. Nos. 2; 8; 9; 10; 13).

2. The Court denies Mr. Askew's motion for a preliminary hearing, as the request appears to relate to *Askew v. Does* pending before Judge Miller, not the action against Ms. Deddrick pending before this Court (Dkt. No. 14).

3. The Court grants in part and denies in part Mr. Askew's motion for copies and motion to amend his complaint (Dkt. No. 15). Mr. Askew requested a copy of his June 26, 2023, docket entry, which the Clerk docketed as a motion for copies and motion for order (*Id.*). The Court grants that request for copies in this Order. However, the Court denies the request for leave to amend the complaint in this action as the request to amend appears to relate to *Askew v. Does* pending before Judge Miller, not the action against Ms. Deddrick pending before this Court.

4. The Court denies Mr. Askew's motion for an emergency injunction because that request appears to relate to *Askew v. Does* pending before Judge Miller, not the action against Ms. Deddrick pending before this Court (Dkt. No. 19).

**IV.     Conclusion**

The Court has conducted a *de novo* review of the record and carefully considered Judge Ervin's Recommendation and Mr. Askew's objections (Dkt. Nos. 10; 11). For the foregoing reasons, the Court adopts Judge Ervin's Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 10). The Court dismisses Mr. Askew's complaint without prejudice, recommends that this dismissal constitute a "strike" within the meaning of 28. U.S.C. § 1915(g), certifies that an *in forma pauperis* appeal from this Order and the accompanying Judgment would be frivolous and not in good faith, and instructs the Clerk to close this case.

Furthermore, the Court grants Mr. Askew's multiple requests for a status update through this Order, grants his motions for copies, denies his motion for a preliminary hearing, denies his request to amend his complaint, and denies his request for an emergency injunction (Dkt. Nos. 12; 13; 14; 15; 19; 21).

It is so ordered this 28th day of June, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge